IN THE MATTER OF THE PETITION OF THE ERIE-LACKA-
WANNA RAILROAD COMPANY FOR AN ORDER PER-
MITTING ITS DISCONTINUANCE AND ABANDONMENT
OF SUBURBAN PASSENGER TRAIN SERVICE IN THE
STATE OF NEW JERSEY.

Argued February 6 and 13, 1967—Decided March 6, 1967.

*Mr. James M. Davis, Jr.* argued the cause for appellants, Northern Valley Commuters Organization, Brotherhood of Railroad Trainmen and Brotherhood of Locomotive Firemen and Enginemen (*Messrs. Powell & Davis,* attorneys).

*Mr. Frank J. Cuccio* argued the cause for appellant, County of Bergen.

*Mr. William Gural,* Deputy Attorney General, argued the cause for respondent, Board of Public Utility Commissioners, State of New Jersey (*Mr. Alan B. Handler,* First Assistant Attorney General, *Mr. William Gural,* and *Mr. David A.*

*Biederman,* Deputy Attorneys General, of counsel and on the brief; *Mr. Michael J. Mehr,* Law Assistant, on the brief; *Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. Harry G. Silleck, Jr.,* of the New York Bar, on motion of Raymond J. Lamb and with permission of the Court, argued the cause for respondent, Erie-Lackawanna Railroad Company (*Mr. F. G. Hoffman, Mr. Harry G. Silleck, Jr., Mr. Emmet McCaffery,* of the New York Bar, counsel; *Messrs. Nixon, Mudge, Rose, Guthrie & Alexander,* of the New York Bar, of counsel; *Messrs. Lamb, Blake, Hutchinson & Dunne,* attorneys).

The opinion of the court was delivered

PER CURIAM. These appeals involve a decision of the Board of Public Utility Commissioners which permitted Erie-Lackawanna Railroad Company to discontinue certain passenger trains in New Jersey.

On January 5, 1966 Erie-Lackawanna petitioned the Board of Public Utility Commissioners for leave to discontinue all of its New Jersey intrastate passenger service. Thereafter 36 public hearings were held, and on May 4, 1966 the Board rendered its orders denying Erie-Lackawanna's request for total abandonment, permitting the curtailment of some passenger service on certain lines and all passenger service on others, and denying the reinstatement of trains previously discontinued by the Commissioner of the State Department of Highways who had acted pursuant to authority granted by *N. J. S. A.* 48 :12A–16.1 *et seq.*

Notices of appeal to the Appellate Division were filed by all parties against the decision of the Board of Public Utility Commissioners, but by the time the case was scheduled for argument some of the parties had withdrawn their appeals because of an arrangement between the Commissioner and the Erie-Lackawanna for the restoration of part of the service.

We certified the appeals before argument in the Appellate Division.

The question before us is whether the actions of the Board are supported by substantial evidence which furnishes a reasonable basis for the Board's decisions. We noted in *Brotherhood of R. R. Trainmen v. Central R. R. of N. J.*, 47 *N. J.* 508, 516–517 (1966), that this type of discontinuance order is basically an administrative one and that a presumption of validity is accorded such orders. A person challenging them has a heavy burden of demonstrating that the orders have no substantial support on the facts. If a subject is debatable, the Board's determinations must be upheld, for the judiciary can interfere with such determinations only when they are plainly demonstrated to be arbitrary. *United Hunters Assn. of N. J., Inc. v. Adams*, 36 *N. J.* 288, 292 (1962).

We have reviewed the evidence and we have ascertained that the evidence, although conflicting, furnished a reasonable basis for the actions taken by the Board of Public Utility Commissioners. *In re Greenville Bus Co.*, 17 *N. J.* 131, 137–138 (1954).

Affirmed, no costs.

*For affirmance* — Chief Justice WEINTRAUB and Justices FRANCIS, HALL, SCHETTINO and HANEMAN — 5.

*For reversal* — None.